Filed 6/13/24  P. v. Page CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B329561 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA111507) |
| v. | |
| RICHARD PAGE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

# INTRODUCTION

In 2010, a jury convicted Richard Page of attempted murder. In 2022, Page filed a petition for resentencing under Penal Code former section 1170.95[1] (now section 1172.6), alleging that he was convicted of attempted murder under the natural and probable consequences doctrine and that he could not now be convicted under current law.

On appeal, Page contends the trial court erred because it denied his petition at the prima facie stage without reviewing the record of conviction. Instead, the trial court based its decision on its own memory of the trial and the prosecutor and defense attorney's description of the case. Because the prosecutor did not file a response to Page's petition and neither side presented a record of conviction to the trial court, Page asserts that the court engaged in impermissible factfinding and deprived him of his due process right to an evidentiary hearing.

We conclude that any error in the prima facie procedure was harmless. The record of conviction shows the jury was not instructed on the natural and probable consequences doctrine. Instead, the jury necessarily found Page "intended to kill" the victim. Accordingly, Page was ineligible for relief because he was convicted on a theory of attempted murder that remains valid. We affirm.

---

[1] Statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *A Jury Convicts Page of Attempted Murder and Other Criminal Offenses*

Page attacked his ex-wife in 2009 while she was walking her dog in the park.  Page hit her repeatedly in the head and face and tried to suffocate her by placing a plastic bag over her head.[2]  She lost consciousness several times.  Several times when she regained consciousness, the bag was tightly covering her head, she had trouble breathing, and felt pressure around her neck as if Page were holding her down.  The last time she regained consciousness, she saw Page riding away on a bicycle.  A deputy sheriff who responded to the scene found a black trash bag in the area.  The ex-wife spent four days in the hospital.  She received stitches on her forehead, right eyebrow, and upper lip.  Three of her teeth were cracked, and one of her thumbs was sprained.  She later required surgery to raise her left eyebrow because a nerve had been damaged in the attack.

In 2010, a jury convicted Page of attempted willful, deliberate, and premeditated murder (§§ 664, 187, subd. (a); count 1); corporal injury to a spouse, cohabitant, or child's parent (§ 273.5, subd. (a); count 2); and disobeying a domestic relations court order (§ 273.6, subd. (a); count 3).  As to counts 1 and 2, the

_____

[2]  We described much of the background of this case in Page's direct appeal.  (See *People v. Page* (Nov. 29, 2011, B229182) [nonpub. opn.].)  We provide a brief summary here.  We do not rely on these facts in reaching our conclusion.  (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [factual summary in prior opinion cannot establish ineligibility for resentencing at prima facie stage].)

jury found the allegations that Page personally used a deadly or dangerous weapon, to wit, a plastic bag,[3] (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)) to be true.

In November 2010, the court sentenced Page to life with the possibility of parole, plus six years in state prison.

B.    *The Trial Court Denies Page's Section 1172.6 Petition at the Prima Facie Stage*

In May 2022, Page filed a petition for resentencing under former section 1170.95.  Checking boxes on a form petition, Page requested appointment of counsel and alleged the People filed an information that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine, that he was convicted of attempted murder following a trial, and that he could not now be convicted of attempted murder because of changes to sections 188 and 189.

At a hearing in July 2022 regarding appointing counsel for Page, the court stated, "I am intimately familiar with the facts of the case because it was tried before me.  Mr. Page was an individual who was sort of memorable, but Mr. Page was convicted of an attempted, willful, premeditated murder of his ex-wife.  I think the facts were he put a bag over her head and tried to suffocate her, and he was alleging he wasn't, that she misidentified him, but it was his ex-wife.  In any event, that's the facts of the case."  At the hearing, the trial court appointed

---

[3]    "A deadly weapon other than a firearm is any object, instrument, or weapon . . . that is used in such a way that it is capable of causing and likely to cause death or great bodily injury."  (CALCRIM No. 875.)

4

counsel for Page.  In September 2022, Page filed a "motion to disqualify appointed counsel" under *People v. Marsden* (1970) 2 Cal.3d 118.

In February 2023, the trial court held a hearing on Page's petition.  The People did not file a response to Page's petition.  There was no record of conviction before the trial court beyond what the court had in its own file.  It is unclear if the trial court reviewed any of the documents in its own file before ruling on Page's petition.

After taking Page's *Marsden* motion off calendar as moot because Page had waived his presence at the hearing, the trial court addressed the petition for resentencing.  After confirming that the prosecutor and defense counsel were the attorneys who tried the case before the court, the court stated that it had "a distinct recollection" of Page's case.  The court recounted, "[T]his was the incident wherein he put a bag so as to attempt to asphyxiate his ex-wife in the park, and this is after having committed various acts of vandalism and assault on her previously, and his argument was that it was not him, right?  She was in the park having walked her dog, was sitting there either smoking a cigarette or resting on a park bench.  She was approached from behind by Mr. Page according to the evidence presented, was covered—her head was covered by a plastic bag so as to asphyxiate her.  Mr. Page's attempt was unsuccessful, and that is my recollection of the facts of this case.  Either of you want to add anything else to that?"

In response, defense counsel stated, "No, Judge, that is correct," and then went on to recite additional facts of the case.  Defense counsel stated the victim told law enforcement that Page hit her with his fist, twice choked her with a black trash bag, and

battered her. Defense counsel added the victim passed out twice and attempted unsuccessfully to fight Page off, and the injuries to the victim's face (pictures of which were shown to the jurors) were traumatic. The prosecutor added Page was identified by DNA evidence from the victim's blood on Page's shoes when he reported the next day for community service work on a previous domestic violence sentence.

The trial court denied Page's petition. The court stated there was insufficient "prima facie evidence to set it for an order to show cause on the . . . 1172.6 petition. This defendant does not fall within the purview of that code section. He is the actual perpetrator of the attempted murder. That's what the jury found him guilty of, but this court finds for purposes of the prima facie determination that there has been . . . an inadequate showing by Mr. Page that he is eligible for this relief." Page timely appealed.

## DISCUSSION

A. *Senate Bill 1437 and Section 1172.6*

Effective 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) 14 Cal.5th 981, 984) and significantly narrowed the scope of the felony-murder rule (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448-449; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*)). Section 188, subdivision (a)(3), now prohibits imputing malice based solely on one's participation in a crime and requires proof of malice to convict a principal of murder, except under the

6

revised felony-murder rule in section 189, subdivision (e). The latter provision now requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (§ 189, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2. (§ 189, subd. (e)(3); see *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708.)

　　With these changes, the Legislature also provided a procedure (codified in section 1172.6) for "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter" to petition the superior court to vacate the conviction and be resentenced on any remaining counts if the petitioner could not now be convicted of murder, attempted murder, or manslaughter because of the changes to sections 188 and 189. (§ 1172.6, subd. (a); see Sen. Bill No. 775 (2021-2022 Reg. Sess.) [extending Senate Bill 1437's ameliorative changes and procedure for potential relief to individuals convicted of attempted murder or manslaughter].)

　　If a section 1172.6 petition contains all the required information, the sentencing court must appoint counsel to represent the petitioner if requested. (§ 1172.6, subd. (b)(1)(A), (b)(3); see also *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie

showing that the petitioner is entitled to relief. (§ 1172.6, subd. (c).) If the petitioner makes that showing, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Curiel*, *supra*, 15 Cal.5th at p. 460.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463-464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. '"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'"' thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *People v. Curiel*, *supra*, 15 Cal.5th at p. 460; *Lewis*,

*supra*, 11 Cal.5th at p. 971.)  "We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)."  (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

B.    *Any Errors in the Trial Court Proceedings Were Harmless*

Page asserts the trial court proceedings denied him procedural due process because the court engaged in impermissible factfinding and based its decision on its recollections and statements from counsel, as opposed to on a record of conviction.  Page also argues his federal and state constitutional rights were violated because "section 1172.6 creates an entitlement to an evidentiary hearing upon filing of a facially valid petition, unless the prosecutor presented information from the record of conviction that establishes appellant was ineligible as a matter of law."  Because the prosecutor did not file a response to Page's petition, and therefore did not demonstrate ineligibility, Page argues the proceedings violated his procedural due process rights.

We agree there were errors in the process in the trial court. For example, upon the filing of a facially valid section 1172.6 petition, the sentencing court must appoint counsel to represent the petitioner if requested.  (§ 1172.6, subd. (b)(1)(A), (b)(3); see also *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)  The prosecutor *must* then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing that the petitioner is entitled to relief.  (§ 1172.6, subd. (c).)  But the prosecutor here failed to file a response brief, contrary to the procedure outlined

9

by the statute.  (See *ibid*. ["Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor *shall* file and serve a response"], italics added.)

Any errors in the procedure in the trial court, however, were harmless.  Page is ineligible for relief as a matter of law.

### 1. *The procedural errors were not state or federal constitutional violations*

Page argues because the proceedings violated his constitutional rights, the errors in the trial court are reversible per se and not subject to the harmless error doctrine.  We disagree.  "In some contexts, a court's failure to comply with a statutory procedure will constitute a denial of due process." (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.)  "But a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations."  (*Ibid*.)

In *Lewis*, the California Supreme Court rejected the defendant's argument that "a trial court's 'consideration of the record of conviction in connection with a section [1172.6] petition is a "critical stage" of the criminal process' such that the deprivation of counsel during such consideration, whether viewed as a state statutory violation or as a federal or state constitutional violation, is structural error requiring automatic reversal." (*Lewis, supra*, 11 Cal.5th at p. 972.)  The court held, "There is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction." (*Ibid*.)  At the outset of the section 1172.6 petitioning process, "the petitioner has not yet 'stated facts sufficient to satisfy the court that a hearing is required,' but merely endeavors to do so." (*Lewis*, at p. 973.)  Because the failure to appoint counsel was

10

state law error only, the court applied the *People v. Watson* (1956) 46 Cal.2d 818 harmless error test. (*Lewis*, at p. 973.)

Page attempts to distinguish *Lewis* because *Lewis* addressed the appointment of counsel, whereas he complains about the absence of a record of conviction and the prosecutor's failure to establish his ineligibility for relief. We do not read *Lewis*'s holding as applicable only to the failure to appoint counsel. We agree with other courts that have held it applies to errors in the statutory procedure at the outset of the section 1172.6 petitioning process. (See *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1104-1105 [trial court's reliance on facts stated in an appellate opinion was harmless where the record demonstrated the defendant was the actual shooter who acted with intent to kill and was not convicted under the natural and probable consequences doctrine or any other theory of imputed malice]; *People v. Hurtado*, *supra*, 89 Cal.App.5th at p. 892 [analyzing the Legislature's treatment of *Lewis*, and applying its reasoning to find the failure to appoint counsel, set a briefing schedule, or hold a hearing before deciding the defendant did not make a prima facie showing for resentencing were not constitutional errors and were subject to harmless error review]; *People v. Flint* (2022) 75 Cal.App.5th 607, 613 ["'a petitioner "whose petition is denied before an order to show cause issues has the burden of showing 'it is reasonably probable that if [not for the error] . . . his [or her] petition would not have been summarily denied without an evidentiary hearing'"'"]; cf. *People v. Gamache* (2010) 48 Cal.4th 347, 396 ["structural errors not susceptible to harmless error analysis are those that go to the very construction of the trial mechanism—a biased judge, total

11

absence of counsel, the failure of a jury to reach any verdict on an essential element"].)

### 2. *Any error was harmless because Page was ineligible for relief as a matter of law*

The record of conviction shows any error was harmless because Page was ineligible for relief as a matter of law. We have reviewed the relevant record of conviction, including the charging document, the jury instructions, and the verdict minute order.[4] (See *Lewis*, *supra*, 11 Cal.5th at pp. 971-972 [examining the record, including the court's own documents, "allow[s] the court to distinguish petitions with potential merit from those that are clearly meritless"]; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [record of conviction includes "the charging document, verdict forms, closing arguments, and jury instructions"].)

The record of conviction establishes that the trial court instructed the jury with CALCRIM Nos. 600 (on attempted murder) and 601 (on the allegation the attempted murder was willful, deliberate, and premeditated). CALCRIM No. 600 stated that in order to find Page guilty of attempted murder, the People must prove that Page "intended to kill." CALCRIM No. 601 detailed, "The defendant acted *willfully* if he intended to kill when he acted. The defendant *deliberated* if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant *premeditated* if he decided to kill before acting."

---

[4] As part of this appeal, the People sought judicial notice of the jury instructions the trial court gave in Page's case, which we granted.

The trial court did not instruct the jury on the natural and probable consequences doctrine, aiding and abetting principles, or any other theory of imputed malice. Page is therefore ineligible for relief because he was convicted on a theory of attempted murder that remains valid after the amendments to sections 188 and 189. (See *People v. Strong, supra*, 13 Cal.5th 698 at p. 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition"]; *People v. Harden, supra*, 81 Cal.App.5th at p. 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"]; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 ["As Cortes concedes, the jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him. He is therefore ineligible for resentencing"].)

Page argues we should disregard the records the People sought judicial notice of on appeal because we would usurp the trial court's role as factfinder. We disagree. A denial at the prima facie stage is appropriate only if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law, which is "'a purely legal conclusion.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101; see also *People v. Harden, supra*, 81 Cal.App.5th at p. 52.)

In sum, although there were errors in the proceedings at the prima facie stage, we conclude the errors were harmless

because Page was ineligible for relief as a matter of law under section 1172.6.

## DISPOSITION

The order denying Page's petition for resentencing under section 1172.6 is affirmed.


RAPHAEL, J.*


We concur:


SEGAL, Acting P. J.


FEUER, J.

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice under article VI, section 6 of the California Constitution.